# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 17-0737** (Jefferson County CC-19-2008-F-62)

**Steven Kim Hatfield,**
**Defendant Below, Petitioner**

**FILED**

**May 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Steven Kim Hatfield, by counsel David P. Skillman, appeals the order of the Circuit Court of Jefferson County, entered on June 25, 2017, revoking his term of supervised release. Respondent State of West Virginia appears by counsel Shannon Frederick Kiser.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted in 2008 of sexual abuse by a parent, guardian, or custodian in violation of West Virginia Code § 61-8D-5. He was sentenced to serve ten to twenty years in the state penitentiary, followed by a fifty-year period of supervised release. Petitioner served the requisite term of incarceration and he began his supervised release in October of 2016. The State filed a motion to revoke his supervised release in January of 2017, asserting that petitioner (1) failed to update his information on the sex offender registry, (2) failed to provide his exact address to his supervised release officer, (3) frequented a business expressly prohibited to him, (4) opened social media accounts without notifying his supervised release officer, and (5) had contact with minor children, all in violation of the terms of his supervised release agreement. The circuit court conducted a revocation hearing in June of 2017, subsequent to which it revoked petitioner's supervised release and sentenced him to serve five years in the state penitentiary on the basis that petitioner committed the first, third, and fourth of the asserted violations.

On appeal, petitioner asserts four assignments of error: (1) the circuit court erred in not allowing petitioner to testify at the revocation hearing, thus violating petitioner's due process rights; (2) the circuit court failed to allow "certain facts" to be "developed fully" when petitioner "was not afforded an opportunity to testify"; (3) the circuit court applied the incorrect burden of proof in revoking petitioner's supervised release; and (4) the circuit court erred in deeming certain allegations admitted, despite its having instructed the State to present evidence in support

1

of its petition to revoke supervised release.[1] We explained in *State v. Hedrick*, 236 W.Va. 217, 223, 778 S.E.2d 666, 672 (2015), that in cases such as this, where the conditions at issue on appeal are derivative of the original sentencing order, we review "'"'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997).' *Accord* syl. pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011)." We also explained that "'[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*.' *Accord* syl. pt. 1, *State v. Messer*, 223 W.Va. 197, 672 S.E.2d 333 (2008); syl. pt. 1, *State v. Davis*, 199 W.Va. 84, 483 S.E.2d 84 (1996)." We further note that we consider petitioner's assignments of error in relation to the statutory directive, set forth in West Virginia Code § 62–12–26(g)(3), which authorizes the circuit court to

> [r]evoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release if the court, pursuant to the West Virginia Rules of Criminal Procedure applicable to revocation of probation, finds by clear and convincing evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this subdivision may not be required to serve more than the period of supervised release[.]

We begin with petitioner's first and second assignments of error, both of which charge that the circuit court did not allow petitioner to testify on his own behalf. The whole of petitioner's argument in support of these assignments of error is based on an exchange that transpired at the conclusion of the State's presentation of evidence:

| | |
|---|---|
| [The court]: | Does the defense wish to offer any testimony or evidence today? |
| [Defense counsel to petitioner]: | Can you hear okay? |

---

[1] The appendix record on appeal submitted by petitioner is nine pages. The supervised released agreement controlling petitioner's release is not contained in the appendix record on appeal. Three of the pages in that record are the circuit court's Order Revoking Defendant's Supervised Release, leaving six pages of fragmented transcript from which petitioner would have us resolve his multiple asserted errors. Petitioner's citation to these pages is minimal, and none of the cited pages indicate that petitioner challenged the circuit court's rulings below. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that arguments "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." Nevertheless, the State has supplemented the record with the revocation hearing transcript, and we review petitioner's assignments of error for any error plain in that proceeding.

2

| | |
|---|---|
| [Petitioner]: | Yes, sir. |
| [Defense counsel to petitioner]: | You can? |
| [Petitioner]: | Yes, sir. |
| [Defense counsel to petitioner]: | Okay. |
| [Petitioner]: | But I . . . . |
| [Defense counsel]: | No, Your Honor. |

Petitioner argues that the "But I" expressed in this dialogue was a "clear indication . . . that [he] may have been seeking an opportunity to testify. . . ." He suggests that the circuit court's "failure . . . to fully ascertain [his] desire" resulted in the denial of his due process rights. We decline, however, to demand clairvoyance of the circuit court based on a meaningless two-word phrase uttered in the midst of an inquiry about petitioner's ability to hear the proceedings. In the absence of the express disapproval of the defendant on the record during the proceedings, a circuit court does not err in relying on the representations of counsel.

We turn to petitioner's third assignment of error, wherein he argues that the circuit court employed the wrong burden of proof to the revocation proceeding, evidenced by the court's explanation of the findings it made "by a clear preponderance of the evidence." The burden of proof for revocation is, according to our statute, by "clear and convincing evidence." *See* W.Va. Code § 62–12–26(g)(3). However, "the burden of proof has impact only if the evidence is in equipoise." *Brown v. Gobble*, 196 W.Va. 559, 563, 474 S.E.2d 489, 493 (1996). We are faced with no such dilemma. The State presented clear and convincing and, significantly, unrebutted, evidence. As discussed below, petitioner admitted to three of the five charged violations. In addition, petitioner's supervising officer testified that petitioner did not update his registry information, that she found petitioner at a business that was expressly forbidden by his supervised release agreement, and that petitioner opened social media accounts without first seeking permission of his supervising officer. The misidentification of the burden of proof set forth in the court's order, if error, was harmless, because the State presented clear and convincing evidence that petitioner violated these three terms of his agreement.

Petitioner's final assignment of error states that the circuit court deemed certain allegations admitted, though the court required the State to put on evidence regarding those same allegations. At the outset of the revocation hearing, petitioner's counsel informed the court:

All right. And we've got a number of allegations here, and I think a couple of them are easily dealt with right off the bat, that he was charged in Berkeley County, has admitted to an offense over there, a misdemeanor, and that would be paragraph, subparagraph A, which is that he was charged, and that's true; and the fact that he was convicted of a misdemeanor of failure to register or update rather.

And then too I think he admitted C, which was not to associate with individuals, that is at a certain used auto place, and he admitted that he did that;

3

and then D, which he opened the [F]acebook, [S]napchat and [T]witter accounts without the consent of the probation officer. That was the subject of the charges brought in subparagraph A, so they're kind of related; and I think we would be comfortable with admitting A, C and D, but not the other violations.

Later in the proceeding, after ascertaining—with respect to each violation—that petitioner understood that he could contest the State's assertions and could testify on his own behalf, petitioner's counsel asked petitioner, "With that understanding are you in agreement with admitting to subparagraphs A, C, and D, that you were indeed in violation of those paragraphs as drafted?" Petitioner affirmed that he was. Nevertheless, the court proceeded to hear evidence "for clarity's sake." In revoking petitioner's supervised release, the court found that petitioner "understands his rights and the allegations against him, and that his admissions were made knowingly and voluntarily and upon the advice of counsel." The court further explained, "Additionally the court took evidence and found by a clear preponderance of the evidence that the State had met its burden" with respect to the three asserted violations. Though petitioner claims error in the circuit court's having accepted petitioner's admissions after hearing evidence, petitioner argues neither that his admissions were not willing and voluntary nor that the circuit court's finding was not based on the substantial evidence of record. We find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 11, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker